UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOURDES QUINONES, et al.,                       :

                            Plaintiff,          :       08 Civ. 4374 (WHP) (GWG)
                                                :
        -v.-
                                                :
MICHAEL J. ASTRUE,                              :
                                                :
                            Defendant.          :
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

     Plaintiff has sent a letter dated March 20, 2009, a copy of which is attached. As an initial matter, I note that a court is not permitted to consider any document from a party that has not been sent to all other parties. Thus, in the future, if plaintiff sends any documents to the court, she must provide a copy to the defendant's attorney and also indicate in her submission that a copy has been sent to him.[1]

     As to the matter raised in the letter: in her original letter to Judge Pauley, dated February 12, 2009, the plaintiff recounts a telephone call plaintiff initiated with an individual allegedly in my Chambers in order "to get advice" on signing a "petition of the SS" – presumably referring to the stipulation of remand. She indicates that she spoke to a "secretary" who recounted something that "the judge" said to the secretary. At a conference held on March 17, 2009, plaintiff indicated that she spoke to this individual in Spanish.

     While I have no "secretary," I do have a Deputy Clerk who is able to converse in Spanish, Ms. Gonzalez-Feliciano. Ms. Gonzalez-Feliciano has informed me that (1) she has never had a conversation with Ms. Quinones in Spanish and (2) she has never spoken to any litigant, including Ms. Quinones, regarding signing a stipulation of remand or dismissal. I can confirm that I have never instructed Ms. Gonzalez-Feliciano to speak to a litigant regarding the signing of a stipulation of remand or dismissal. Given that I have never given such an instruction, I obviously have also never instructed her to tell a litigant that, as plaintiff recounts it, "if [she didn't] sign[] [I] will remand," as plaintiff alleges in her February 12 letter.

---

[1] For letters, plaintiff may either use a "cc" line or make a statement explaining who she sent a copy to. For any other document, she must attach an affidavit or declaration of service that says she sent the document to opposing counsel and indicating the date she did so.

Because it appeared that plaintiff had no conversation with anyone in my Chambers regarding the stipulation of remand, I instructed plaintiff at the March 17 conference to obtain the telephone records for the call she describes. Such records might enable us to determine who in fact she was speaking to.

The Court is not certain if the attached letter was meant to comply with that directive. If it was so intended, the letter is obviously insufficient. Accordingly, plaintiff is again instructed to obtain the telephone record of this call and to provide the records to the court. If she contends the records are not available, she should explain in an affidavit or affirmation what efforts she made to obtain them. She should also provide the date of the call.

The deadline for plaintiff to provide these materials shall be April 8, 2009. (Copies are to be sent both to the court and to defendant's counsel, of course.) The defendant's deadline for responding to plaintiff's motion and any further papers from her is extended to April 29, 2009. Any reply by Ms. Quinones may be submitted by May 13, 2009.

I note that this Order is not meant to indicate that I take any position on the question of whether the conversation recounted by plaintiff, even if it had occurred as described, would affect the validity of the signed stipulation of remand. Rather, I deem it better to decide this question on a full record. In the meantime, the stipulation of remand remains in effect.

Finally, plaintiff is reminded that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York ((212) 805-0175) may be of assistance to pro se litigants in connection with court procedures.

SO ORDERED.

Dated: March 26, 2009
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Lourdes Quinones
941 Hoe Avenue, # 1M
Bronx, NY  10459

John E. Gura, Jr.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY  10007

March 20, 2009

Lourdes Quinones/ Christopher
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
Case# 08 CIR.4374

To: Magistrate Judge Gabriel W. Govenstein and Judge Pauley III District Court
Southern District of New York

With all the respect that Judge Govenstein deserves, I Lourdes Quinones apologize to you and Judge Pauley III and the court. I assumed when I called the number 212-805-4260 the person on the other end of the phone was you giving me the advice. I was wrong; I never spoke directly to you. I only listened to the lady that answered the phone. She told me what was going to happen if I did not sign the petition. I am very sorry Judge Gorenstein. I should have never assumed it was you that gave me the advice. I apologize for the inconvenience, it was my mistake. I should have known better. My apology deeply pains me and I hope you can forgive me.

Thank you for your attention,

*Lourdes Quinones*
Lourdes Quinones
347-449-6179