UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOURDES QUINONES ex rel. C.A.,           :

                                                   :   REPORT AND
                Plaintiff,                                  RECOMMENDATION
                                                   :   08 Civ. 4374 (WHP) (GWG)

   -v.-
                                                   :

MICHAEL J. ASTRUE,
                                                   :

             Defendant.                        :
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Plaintiff signed a stipulation of remand of this social security matter, which was filed on November 18, 2008 (Docket # 10). On February 18, 2009, plaintiff filed a document entitled "Affirmation in Opposition to Motion" (Docket # 13). The affirmation asks that the case be "return[ed] back to the District Court." It annexes a letter asserting that, at some unidentified time, a "Rita Preston" – apparently an employee of the U.S. Attorney's Office – spoke to plaintiff about an "extended Period of time to review the case." According to the affirmation, Quinones then "call[ed] the office of Judge Gabriel W. Gorenstein to get advice to signed [sic] the petition of the SS to get the case time to review." The affirmation states: "The secretary told me, the judge said, if I don't signed [sic] he will remand, so I signed without knowing that the S.S. took the case out of the court procedure for administrative processing." The affirmation concludes that Quinones "want[s] this Court [to] decide" the case. The Court interprets this document as a request under Fed. R. Civ. P. 60(b) to vacate the judgment of remand (Docket # 11).

      The Court held a conference on March 17, 2009. See Transcript, filed April 24, 2009 (Docket # 15). At that conference, Quinones alleged that she spoke to the individual in Chambers in Spanish. Id. at 4-5. However, this claim was at odds with what the Court was able to learn on its own from Chambers staff. As was noted in an order issued in this matter on March 26, 2009 (Docket # 14):

> While I have no "secretary," I do have a Deputy Clerk who is able to converse in Spanish, Ms. Gonzalez-Feliciano. Ms. Gonzalez-Feliciano has informed me that (1) she has never had a conversation with Ms. Quinones in Spanish and (2) she has never spoken to any litigant, including Ms. Quinones, regarding signing a stipulation of remand or dismissal. I can confirm that I have never instructed Ms. Gonzalez-Feliciano to speak to a litigant regarding the signing of a stipulation of remand or dismissal. Given that I have never given such an instruction, I obviously have also never instructed her to tell a litigant that, as plaintiff recounts

it, "if [she didn't] sign[] [I] will remand," as plaintiff alleges in her February 12 letter.

At the March 17 conference, the Court instructed plaintiff to obtain the telephone records for the call she described. See Transcript at 5. Plaintiff sent a letter dated March 20, 2009 (attached to the March 26 Order) that did not address this question. Accordingly, the Court again directed plaintiff to "obtain the telephone record of this call and to provide the records to the court." See March 26 Order. The Court further directed that if "the records are not available, [plaintiff] should explain in an affidavit or affirmation what efforts she made to obtain them. She should also provide the date of the call." Id.

The deadline for plaintiff to provide these materials was April 8, 2009. The Court has received no telephone records or any explanation as to why such records cannot now be obtained (or any other submission from plaintiff other than the March 20 letter).

Accordingly, the Court does not accept the factual premise of plaintiff's motion: that is, that a member of the Court's staff gave Quinones advice regarding signing the stipulation of remand. With this factual premise lacking, it is unnecessary to determine whether, if true, the factual premise would have justified relief under any of the subsections of Fed. R. Civ. P. 60(b).

In sum, construing plaintiff's "Affirmation in Opposition to Motion," as a motion to vacate the judgment, it should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley, Jr. and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: May 21, 2009
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Lourdes Quinones
941 Hoe Avenue, # 1M
Bronx, NY  10459

John E. Gura, Jr.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY   10007